IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDITH RUSHTON,                              )
          Plaintiff,                  )
                             )
          vs.                         )    Civil Action No. 04-1889
                             )    Judge McVerry
MARINA ASSOCIATES, a New Jersey              )    Magistrate Judge Hay
General Partnership d/b/a HARRAH'S           )
ATLANTIC CITY d/b/a HARRAH'S NEW )
JERSEY, INC.,                               )
          Defendant and Third-Party    )
          Plaintiff,                  )
                             )
          vs.                         )
                             )
F & G TOOL & DIE COMPANY, INC.              )
and TOP LINE SEATING, INC.,                 )
          Third-Party Defendants.      )

REPORT AND RECOMMENDATION

I.      <u>Recommendation</u>

It is respectfully recommended that the amended motion to dismiss, submitted on behalf

of the Defendant (Docket No. 6), be granted.

II.     <u>Report</u>

Plaintiff, Edith Rushton, brings this personal injury action against Defendant, Marina

Associates, a New Jersey General Partnership d/b/a Harrah's Atlantic City d/b/a Harrah's New

Jersey, Inc. She alleges that, on September 7, 2003, she was a guest/patron at Defendant's casino

in Atlantic City, New Jersey, when a stool collapsed and she sustained injuries. Defendant,

having removed the case from the Court of Common Pleas of Allegheny County, Pennsylvania,

now seeks its dismissal on the grounds of lack of personal jurisdiction and improper venue.

Presently before this Court for disposition is an amended motion to dismiss, brought by

the Defendant. For the reasons that follow, the Court should conclude that Plaintiff has failed to

establish that personal jurisdiction may be asserted over Defendant and Defendant's motion should be granted.

Facts

Plaintiff alleges that, on September 7, 2003, Defendant transported her, by bus, from Allegheny County, Pennsylvania to Atlantic City, New Jersey for the purpose of visiting its hotel and gaming facility.  (Compl. ¶ 3.)  She checked into the hotel after disembarking the bus.  She then entered the gaming room to play the slot machines.  As she sat in a slot stool, the stool collapsed and she fell backward, landing on her head, neck, shoulders and knees.  She also struck her right knee on the change tray of the slot machine.  An employee of the casino photographed the broken slot stool and security wheeled Plaintiff to a nurse's station.  (Compl. ¶ 5.)

She suffered a cervical strain to her neck, a swollen and sprained right knee and various contusions to her head, neck and shoulders.  (Compl. ¶ 9.)  The Atlantic City Medical Center confirmed that Plaintiff had fluid on her right knee but did not drain it for fear of possible infection.  She had recent replacement surgery on that knee.  (Compl. ¶ 10.)  Plaintiff alleges that she has also suffered a severe psychological shock to her nervous system, depression, anxiety, depressive reaction and other severe injuries to her nerves, discs, tissues, bones and the blood vessels of her leg, some or all of which may be permanent, that she has suffered and continues to suffer severe and agonizing pain, that she has been forced to expend large sums of money to cure her injuries, that she has been forced to miss work and has lost wages and benefits, and that she has been unable to engage in her usual activities and may be permanently disabled.  (Compl. ¶¶ 11-15.)

Procedural History

Plaintiff initiated this action by filing a complaint in the Court of Common Pleas of Allegheny County, Pennsylvania on November 15, 2004.  The complaint alleges that Defendant breached its duty of reasonable care owed to Plaintiff as a business invitee, including the duty to properly maintain the slot stools and to provide a safe seat for her, by failing to inspect, correct or warn of the stool's defective condition and by allowing the dangerous or defective condition of the stool to exist when it knew or should have known that it created a dangerous hazard to invitees.

On December 17, 2004, Defendant removed the action to this Court on the basis of diversity of citizenship.  The Notice of Removal states that Plaintiff is a Pennsylvania citizen; that Defendant is a New Jersey partnership with a principal place of business located in Atlantic City, New Jersey; and that the amount in controversy appears to exceed $75,000, exclusive of interest and costs.

On February 14, 2005, Defendant filed an amended motion to dismiss for lack of personal jurisdiction and improper venue.[1]  It contends that the Court lacks personal jurisdiction over it, that venue is improper or that the doctrine of forum non conveniens applies and justifies transfer of this action to any other district where it might have been brought.  Because the Court should grant the motion to dismiss on personal jurisdiction grounds, it need not address the alternative arguments made by Defendant in its motion.

---

[1]     Defendant originally filed a motion to dismiss on January 31, 2005 (Docket No. 5), but it filed the amended motion because the original motion did not include Exhibit A, a copy of Plaintiff's complaint.

Personal Jurisdiction

When a defendant asserts lack of in personam jurisdiction, the plaintiff has the burden of demonstrating that the defendant has sufficient contacts with the forum state to establish in personam jurisdiction.  North Penn Gas v. Corning Natural Gas Corp., 897 F.2d 687, 689 (3d Cir. 1990); Mesalic v. Fiberfloat Corp., 897 F.2d 696, 699 (3d Cir. 1990).  "The plaintiff must sustain its burden of proof through 'sworn affidavits or other competent evidence.'"  North Penn Gas, 897 F.2d at 689 (quoting Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984)).  The court initially must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff," although it can reconsider the issue "if it appears that the facts alleged to support jurisdiction are in dispute," and can conduct an evidentiary hearing to resolve any disputed facts.  Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142, n.1 (3d Cir. 1992).

Plaintiff has not submitted an affidavit, but makes arguments in a brief that Defendant's contacts with Pennsylvania are sufficient for the exercise of personal jurisdiction.  "References in a brief, unsupported by affidavit, are not properly before the Courts as 'facts' evidencing contact for jurisdictional purposes."  Peek v. Golden Nugget Hotel & Casino, 806 F. Supp. 555, 558 (E.D. Pa. 1992) (citations omitted).  See Time Share Vacation Club, 735 F.2d at 66 n.9 ("Once the motion is made, plaintiff must respond with actual proofs, not mere allegations").  Moreover, even accepting the allegations of Plaintiff's complaint as true, she has not established sufficient contacts for jurisdictional purposes.[2]

---

[2]    Defendant has also not submitted an affidavit and makes assertions in its brief about its lack of contacts with Pennsylvania.  However, Plaintiff bears the burden of proving by a preponderance of the evidence that Defendant has sufficient forum contacts for the Court to exercise personal jurisdiction over it.  Mellon Bank (East) PSFS, N.A. v. Farino, 960 F.2d 1217,

(continued...)

There are two alternative ways to establish personal jurisdiction.  In this case, Plaintiff contends that both general and specific personal jurisdiction may be established.  Specific personal jurisdiction arises from a defendant's forum-related activities and may be established even where the defendant has not physically appeared in the state but has "'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985) (citations omitted).  By contrast, general jurisdiction is based upon a defendant's contacts with the forum that are not related to the suit, but such contacts must be "continuous and systematic."  Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984).

The Federal Rules of Civil Procedure authorize a district court to assert personal jurisdiction over a non-resident to the extent permissible under the law of the state where the district court sits.  Fed.R.Civ.P. 4(k)(1)(A).  North Penn Gas, 897 F.2d at 689.  Pennsylvania authorizes its courts to exercise maximum general and specific jurisdiction over general partnerships.  The plaintiff may show specific personal jurisdiction pursuant to Pennsylvania's long arm statute, 42 Pa. C.S. § 5322(a), by demonstrating that the defendant has engaged in forum-related activities.  A plaintiff may show general personal jurisdiction by demonstrating that a partnership carries on a "continuous and systematic part of its general business within this Commonwealth."  42 Pa. C.S. § 5301(a)(3)(iii).

Pennsylvania also authorizes exercise of the jurisdiction of its courts over non-residents "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United

---

[2]       (...continued)
1223 (3d Cir. 1992).

States."  42 Pa. C.S. § 5322(b).  <u>See</u> <u>Kubik v. Letteri</u>, 614 A.2d 1110, 1114 (Pa. 1992) (following

<u>Burger King</u> analysis).

      Plaintiff does not argue that Defendant maintains offices in Pennsylvania, owns property

in Pennsylvania, is a Pennsylvania corporation, has any registered agents in Pennsylvania or is

licensed to do business in Pennsylvania.  Rather, she contends only that Defendant "regularly"

receives business invitees by way of tour buses.  Her vague assertion, made in a brief with no

supporting affidavit or other evidence, is insufficient to establish that Defendant carries on

"continuous and systematic" contacts with Pennsylvania.  <u>See</u> <u>Gehling v. St. George's Sch. of</u>

<u>Med., Ltd.</u>, 773 F.2d 539, 542-43 (3d Cir. 1985) (general personal jurisdiction over Grenada-

based college for personal injury action could not be supported even by college's extensive

advertising in newspapers that circulated in Pennsylvania, obtaining six percent of its students

from Pennsylvania and participation in joint program with a Pennsylvania college).  Thus, she

has failed to demonstrate that general personal jurisdiction may be asserted over Defendant.

      In <u>Burger King</u>, the Court considered what minimal contacts for specific personal

jurisdiction are required to satisfy the constitutional requirements of due process.  The Court

established a two-step test to determine whether the exercise of jurisdiction over a non-resident

violates due process.  First, the court considers whether the defendant purposefully established

minimum contacts within the forum state.  Then the court determines whether the presence of

other considerations would render jurisdiction unreasonable or whether the assertion of

jurisdiction would comport with "fair play and substantial justice."  471 U.S. at 476-77 (citing

<u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 320 (1945)).

      Plaintiff asserts that Defendant transported her to Atlantic City, where she sustained

injury in its casino.  However, she has not established that her cause of action "arose out of"

6

Defendant's contact with Pennsylvania: "When a plaintiff brings an action for personal injuries suffered in another state, as a result of the defendant's negligent activities within that state, courts have concluded that the cause of action does not arise from the defendant's forum contacts for the purposes of asserting personal jurisdiction." Peek, 806 F. Supp. at 558 (citations omitted).  In Peek, the court concluded that a Pennsylvania citizen who was injured in a slip and fall in the defendant's hotel/casino in Nevada failed to establish that her cause of action arose out of the defendant's alleged contacts with the forum (brochures displayed in Pennsylvania travel agents' offices).  See also Wims v. Beach Terrace Motor Inn, Inc., 759 F. Supp. 264, 267-68 (E.D. Pa. 1991) (patrons injured at motor inn in New Jersey could not establish personal jurisdiction in Pennsylvania, even when they alleged that they were solicited to visit the motor inn by advertising directed to them in Pennsylvania); Nicholas v. Ashraf, 655 F. Supp. 1418 (W.D. Pa. 1987) (plaintiff treated at West Virginia University Hospital on referral from a treating physician in Pennsylvania did not have a cause of action that arose from defendants' forum related activities).

Defendant's alleged negligence occurred in New Jersey, where Plaintiff contends that Defendant failed to properly maintain the slot stool and to provide a safe seat for her, failed to inspect, correct or warn of the stool's defective condition, and allowed the dangerous or defective condition of the stool to exist when Defendant knew or should have known that it created a dangerous hazard to invitees.  Thus, her cause of action does not arise out of Defendant's contact in Pennsylvania, namely its providing of a tour bus to take Plaintiff to its casino in Atlantic City.

In addition, courts have held that to interpret the Pennsylvania long-arm statute in a manner to permit a Pennsylvania resident injured in another state to argue that personal jurisdiction could be exercised on the basis of residual or subsequent injuries suffered in

Pennsylvania would "fly in the face of <u>International Shoe</u> and <u>World Wide Volkswagen</u>, in that

there is no basis on which to find the minimum contacts as required by the due process clause of

the Constitution of the United States." <u>Estoril v. Brown</u>, 556 F. Supp. 153, 155 (E.D. Pa. 1983)

(citations omitted). <u>See also</u> <u>Bakaj v. Arthur Levine, D.D.S., P.A.</u>, 733 F. Supp. 951, 953 (E.D.

Pa. 1990) (patient treated by dentist in New Jersey could not establish jurisdiction based on

subsequent suffering in Pennsylvania); <u>Border v. Alex Gup, M.D.</u>, Civ. A. No. 87-5142, 1987

WL 26634, at *2 (E.D. Pa. Dec. 7, 1987) (no personal jurisdiction when patient alleged

misdiagnosis of condition by Florida doctor requiring subsequent operation in Pennsylvania).

Thus, Plaintiff cannot establish personal jurisdiction based on the fact that she suffered or

continues to suffer injuries in Pennsylvania when the actual injury occurred in New Jersey.

> For these reasons, it is recommended that the amended motion to dismiss (Docket No. 6),
submitted on behalf of the Defendant, be granted.

> Within ten (10) days of being served with a copy, any party may serve and file written
objections to this Report and Recommendation. Any party opposing the objections shall have
seven (7) days from the date of service of objections to respond thereto. Failure to file timely
objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated:    18 August, 2005

cc:    Honorable Terrence F. McVerry
       United States District Judge

8

Norman G. Matlock
2 Bala Plaza
Suite 300
Bala Cynwyd, PA 19004

Jeffrey C. Sotland
Phillip B. Silverman
Mintzer, Sarowitz, Zeris, Ledva & Meyers
1528 Walnut Street
22nd Floor
Philadelphia, PA 19102